John W. Harris (SBN 66130)
Rodney Tolentino (SBN 273727)
**HARRIS & ASSOCIATES**
865 South Figueroa Street, Suite 2750
Los Angeles, CA 90017
Tel: (213) 489-9833
Fax: (213) 489-3761
E-mail:   john@jwharrislaw.com
      rodney@jwharrislaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SYBIL DAVIS, an individual and as a Successor in Interest to ANTHONIE D. SMITH; A.Y.D., a minor and as a Successor in Interest to ANTHONIE D. SMITH, by and through her Guardian Ad Litem SYBIL DAVIS; N.A.D., a minor and as a Successor in Interest to ANTHONIE D. SMITH, by and through her Guardian Ad Litem SYBIL DAVIS, <br><br>                    Plaintiffs <br><br> v. <br><br> THE COUNTY OF RIVERSIDE; THE CITY OF MORENO VALLEY; and DOES 1 through 50, inclusive, <br><br>                    Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **Civil Rights Violations 42 U.S.C. §1983;** <br> 2. **Excessive Use of Force 42 U.S.C. § 1983;** <br> 3. **Substantive Due Process - 42 U.S.C. § 1983;** <br> 4. **Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. §1983;** <br> 5. **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820);** <br> 6. **False Arrest/False Imprisonment (Cal. Govt. Code § 815.2);** <br> 7. **Assault and Battery (Cal. Govt. Code § 820) – Wrongful Death;** <br> 8. **Negligence (Cal. Govt. Code § 820 and California Common Law) – Wrongful Death** <br> 9. **Discrimination Violation of Ralph Civil Rights Act (Cal. Civ. Code §§ 51.7 and 52);** <br> 10. **Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

COMES NOW SYBIL DAVIS, an individual and Successor in Interest to ANTHONIE D. SMITH; A.Y.D., a minor and Successor in Interest to ANTHONIE D. SMITH, by and through her Guardian Ad Litem SYBIL DAVIS; and N.A.D., a minor and Successor in Interest to

1

**COMPLAINT FOR DAMAGES**

ANTHONIE D. SMITH, by and through her Guardian Ad Litem SYBIL DAVIS (collectively, "Plaintiffs"), who allege as follows:

## I.

## INTRODUCTION

1. In this action, the plaintiffs seek compensatory and punitive damages from defendants for violating their various rights under the U.S. Constitution and state law in connection with the Defendants' use of excessive force, unreasonable search and seizure and related illegal actions occurring on July 16, 2015.

2. At all relevant times herein, decedent ANTHONIE D. SMITH (hereinafter referred to as "ANTHONIE") was an individual residing in the City of Moreno Valley, County of Riverside, State of California.

## II.

## JURISDICTION

3. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. §§ 1331 and 1367(a).   Jurisdiction is also vested in this court under the ancillary jurisdiction of the court.

## III.

## VENUE

4. Plaintiffs' claims, alleged herein, arose in the City of Moreno Valley, County of Riverside, State of California. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## IV.

## PARTIES

5. At all relevant times herein, Plaintiff SYBIL DAVIS ("SYBIL") was an individual residing in the City of Moreno Valley, County of Riverside, State of California and is the mother of ANTHONIE.   SYBIL sues in her individual capacity as the mother of ANTHONIE and as Successor in Interest, pursuant to Section 377.30 of the California Code of Civil Procedure.

**COMPLAINT FOR DAMAGES**

Attached hereto is a declaration attesting to SYBIL'S right to commence this action as a Successor in Interest to ANTHONIE.

6. At all relevant times herein, Plaintiff A.Y.D. was a minor residing in the City of Moreno Valley, County of Riverside, State of California, and is the sister of ANTHONIE. A.Y.D. sues in her individual capacity as the sister of ANTHONIE and as Successor in Interest, pursuant to Section 377.30 of the California Code of Civil Procedure, by and through her Guardian Ad Litem, SYBIL DAVIS. Attached hereto is a declaration from A.Y.D.'S Guardian Ad Litem, SYBIL, attesting to A.Y.D.'S right to commence this action as a Successor in Interest to ANTHONIE.

7. At all relevant times herein, Plaintiff N.A.D. was a minor residing in the City of Moreno Valley, County of Riverside, State of California, and is the sister of ANTHONIE. N.A.D. sues in her individual capacity as the sister of ANTHONIE and as Successor in Interest, pursuant to Section 377.30 of the California Code of Civil Procedure, by and through her Guardian Ad Litem, SYBIL DAVIS. Attached hereto is a declaration from N.A.D.'S Guardian Ad Litem, SYBIL, attesting to N.A.D.'S right to commence this action as a Successor in Interest to ANTHONIE.

8. At all relevant times, Defendant THE COUNTY OF RIVERSIDE ("COUNTY") and THE CITY OF MORENO VALLEY ("CITY") are and were municipal corporations existing under the laws of the State of California; and at all times herein mentioned, Defendants COUNTY and CITY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Riverside County Sheriff's Department and Moreno Valley Police Department ("M.V.P.D.", which contracted with Riverside County Sheriff's Department for police services) and its tactics, methods, practices, customs and usage. At all relevant times, COUNTY and CITY was the employer of DOES 1 through 50 who were COUNTY Sheriff's deputies, CITY police officers, managerial, supervisorial, and policymaking employees of COUNTY'S Sheriff's Department and CITY'S police department. On information and belief, at all relevant times, Defendants DOES 1 through 50 were residents of the County of Riverside, and the City of Moreno Valley, California. Defendants DOES 1 through 50 are sued in their individual and official capacity.

9. At all relevant times, Defendants DOES 1 through 50, were duly authorized employees and agents of COUNTY and CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendants COUNTY and CITY.

10. At all relevant times, Defendants DOES 1 through 50 were duly appointed officers and/or employees or agents of COUNTY and CITY, subject to oversight and supervision by COUNTY and CITY's elected and non-elected officials.

11. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs who otherwise sues these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

12. All defendants who are natural persons, and each of them, including DOES 1 through 50, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for defendants COUNTY and CITY.

13. Defendants DOES 1 to 5, inclusive, along with other officials of COUNTY and CITY, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the M.V.P.D. and/or were supervisors of the defendant-officers.

14. Upon further information and belief, at all relevant times, Defendant DOES 6 through 25, inclusive, were the defendant-officers who unlawfully arrested, detained and questioned ANTHONIE while he was held in custody.  Upon information and belief, at all relevant times, Defendant DOES 26 through 50, inclusive, were the defendant-officers who unlawfully used excessive force against ANTHONIE.

15.   In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1 to 50, inclusive, were acting on the implied and actual permission and consent of COUNTY and CITY.

16.   At all times mentioned herein, each and every COUNTY and CITY defendant was the agent of each and every other COUNTY and CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY and CITY defendant.

17.   On January 7, 2016, Plaintiffs filed comprehensive and timely claims for damages with COUNTY pursuant to applicable sections in the California Government Code and the California Civil Code.  As of the date of the filing of this Complaint, the aforementioned claims for damages have been denied.

18.   On January 7, 2016, Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections in the California Government Code and the California Civil Code.  As of the date of the filing of this Complaint, the aforementioned claims for damages have been denied.

## V.

## FACTS COMMON TO ALL CAUSES OF ACTION

19.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 above of this Complaint with the same force and effect as if fully set forth herein.

20.   On July 16, 2015, at approximately 2:00 a.m., SYBIL called the Moreno Valley Police Department (which is contracted out to the Riverside County Sheriff's Dept.) to complain that ANTHONIE was acting irrational and was having a psychotic episode and she needed assistance. During that 911 call, she advised the dispatcher that her son was schizophrenic and bi-polar and required psychotropic medications which he had not taken for months.

21.   Two officers arrived at ANTHONIE'S residence located at 250 Fir Ave, Apt 6, Moreno Valley, CA 92553 at approximately 3:00 a.m.  SYBIL was instructed to remain at the entry gate of her property in order to allow other officers access to her premises.  She remained at the entry to allow other officers to gain access.  When SYBIL returned to her residence, she learned that

ANTHONIE had fled the house by jumping out of the second story window. One of the female officers, in an agitated and angry voice, alleged that ANTHONIE had assaulted one of the officers prior to fleeing and that it had become a serious matter that would have to be "dealt with."

22. A phalanx of officers began searching for ANTHONIE for the next several hours. They came upon ANTHONIE at or about 6:00 a.m., as he was crossing on foot the intersection of Sunnymead Boulevard and Perris Avenue in Moreno Valley. ANTHONIE was approached by two unknown City of Moreno Valley police officers, and without probable cause or justification they ordered him to freeze with their weapons drawn despite the fact that he posed no imminent threat to them or third persons. One of the officers, with her weapon drawn, slipped toward the ground, caught her balance and then opened fire on ANTHONIE without provocation or legal justification, striking him several times in his torso and other parts of his body. ANTHONIE immediately fell to the ground from being struck by the officer's bullets. As he tried to stand up, the officers emptied their weapons on him causing his ultimate death. ANTHONIE was unarmed and at no time, posed any physical threat of injury or harm to anyone. The unknown officers shot ANTHONIE with their firearms, acted with reckless disregard, deliberate indifference and/or objectively unreasonably, intentionally and/or negligently shooting and causing grave bodily injury and pain to ANTHONIE, and his ultimate death.

23. Upon information and belief, despite knowing, or having reason to know that ANTHONIE was having a psychotic episode and was mentally ill, the peace officer standards and training called for no use of force whatsoever under these circumstances, and the that use of lethal force under these circumstances is strictly prohibited. Plaintiffs are informed and believe that ANTHONIE was approached by each of the officers and then shot multiple times, though he had not posed any objectively reasonable threat to anyone, on account that he was mentally ill. Plaintiffs are informed and believe that ANTHONIE may have survived the first gunshot wound had the involved officers exercised reasonable discipline and care to apprise that ANTHONIE did not in fact pose any objectively reasonable threat to anyone. Moreover, Plaintiffs are informed and believe that had the involved officers exercised reasonable discipline and care they should have known that ANTHONIE was in immediate need of medical attention. Defendants DOES 6

**COMPLAINT FOR DAMAGES**

through 50, and each of them, in contravention of all training and due care demanded by the norms of their profession, failed to take steps which should have protected ANTHONIE from the harm inflicted.

24.   In further violation of all peace officer standards and training, upon information and belief, Defendants DOES 6 through 50, and each of them, came onto the scene intending to harm ANTHONIE, without warning or justification and without any perceived or real threat to themselves or other members of the community, and in a complete failure to adhere to all formally adopted policies and procedures and training with the M.V.P.D., Defendants, and each of them, illegally, intentionally and/or negligently opened fire with their service weapons at and upon ANTHONIE, fatally wounding and injuring him.  Without warning, Defendants DOES 6 through 50 chose to use lethal force upon ANTHONIE, by firing multiple gunshots at him while he was defenseless, causing ANTHONIE'S death.

25.   Upon information and belief, these Defendants, and each of them, acted under color of authority with the intent to cause death, and/or severe injuries which foreseeably resulted from their opening of fire on ANTHONIE.

## FIRST CAUSE OF ACTION

### Civil Rights Violations (42 U.S.C. § 1983)

### (Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., Individually and as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)

26.   Plaintiffs repeat and re-allege each and every allegation.in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.   This cause of action is designed to redress the deprivation, under color of law, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, to be free from unreasonable searches, seizures, and uses of force by police officers acting under the color of law. As described herein above, Defendants, and each of them, acting by way of the color of authority of the COUNTY and CITY, the Defendants, and each of them, violated ANTHONIE'S 4th

**COMPLAINT FOR DAMAGES**

Amendment rights by unlawfully and unreasonably using excessive force in shooting ANTHONIE on July 16, 2015, with the intent to kill him without any cause or legal justification.

28.   ANTHONIE did not consent to this use of deadly force against him. Nor did he do anything to justify being shot and shot at by Defendants, and each of them.  He did not pose any reasonable threat of death or serious bodily injury to Defendants, the involved law enforcement officers, or any other person so as to justify this use of deadly force against them.

29.   Upon information and belief, Plaintiffs allege that after ANTHONIE was shot, Defendants, and each of them, willfully and intentionally undertook to protect their fellow Defendant police officers involved in the incident from civil and criminal liability for their misconduct by covering up the true facts of their interaction with ANTHONIE, as well as the true facts leading up to the actual shooting in violation of each of his constitutional rights. These facts include but are not limited to: (a) the preparation or approval of false reports concerning the incident; (b) the giving of false statements to others investigating the incident; (c) intentionally and willfully refraining from collecting or recording other evidence, including statements from witnesses in the vicinity of the incident; and (d) having news conferences where false statements were made regarding the reason for the use of deadly force.

30.   The facts alleged above are part of the customs, practices, policies, and decisions of the COUNTY and CITY, including but not limited to the following:

(a) Covering up the criminal and/or wrongful activities of fellow law enforcement officers, by false reporting, false investigating, perjury, dishonesty, and engaging in the "code of silence" in violation of the rights and privileges of ANTHONIE and other citizens subjected to the use of unreasonable force and unreasonable seizures of their person;

(b) Inadequately and/or fraudulently investigating allegations of misconduct by fellow law enforcement officers, including the use of force, in order to cover-up and protect fellow officers from disciplinary, criminal and civil actions in violations of ANTHONIE'S rights and privileges;

**COMPLAINT FOR DAMAGES**

(c) Refusing to supervise, reprimand and/or discipline law enforcement officers who engage in misconduct, contrary to the laws, rules and regulations of the COUNTY and CITY, thus condoning the use of force by its officers and agents;

(d) Tacitly approving law enforcement officers using their power and position to interfere with ANTHONIE'S and other citizens' rights, including the right to be free in their bodily integrity and security in their person.

31.   The above acts or omissions the Defendants, and each of them, were undertaken while under the color of state law, and resulted in the violation of ANTHONIE'S constitutional rights, as stated here.  Likewise, the customs, practices, policies, and decisions of the COUNTY and CITY alleged herein and as applied to ANTHONIE under these facts, has resulted in a violation of his constitutional rights.

32.   ANTHONIE had a liberty interest to be free from the use of excessive force against him. These rights and privileges were secured to him by the provisions of the First and Fourth Amendments and the due process clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution, and by 42 U.S.C. § 1983.  All of these interests were implicated by the Defendants, and each of them, wrongful misconduct which legally caused the Plaintiffs' damages, injuries and harms.

33.   Defendants, and each of them, acted outside the scope of their jurisdiction and without legal justification.  Each of the Defendants, separately and in concert with each other, acted willfully, intentionally, knowingly, and/or with reckless disregard, malice and callous indifference to deprive ANTHONIE of his rights and privileges, and in fact violate these rights and privileges.

34.   The above-described acts committed by the Defendants, and each of them, were carried out with a conscious disregard of ANTHONIE'S safety.  Defendants, and each of them, wrongly perceived that ANTHONIE was creating a deadly threat solely because he had a mental disability, and such animus reflects that the use of deadly force against him was done with a deliberate indifference to ANTHONIE'S rights.

**COMPLAINT FOR DAMAGES**

35.   By reason of the aforementioned policies and practices Defendants COUNTY and CITY and DOES 1 through 5 implemented, ANTHONIE was subjected to pain and suffering and fatally injured.

36.   Defendants COUNTY, CITY, and DOES 1 through 5, together with various other officials, whether named or unnamed had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

37.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, CITY, and DOES 1 through 5, acted with intentional, reckless and callous disregard for the life of ANTHONIE and ANTHONIE'S constitutional rights. As to Defendants DOES 6 through 50, each of their actions was willful, wanton, oppressive, malicious, fraudulent and extremely offensive and unconscionable to any person of normal sensibilities.

38.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY, CITY, and DOES 1 through 5, were affirmatively linked to and were a significantly influential force behind the injuries and death of ANTHONIE.

39.   As a direct and legal result of these acts, omissions, customs, practices, policies and decisions of the Defendants, ANTHONIE'S civil rights were violated when he was shot by the Defendants, and each of them.

40.   As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, ANTHONIE suffered the violations of his constitutional rights described above, which resulted in his death.  Plaintiffs SYBIL, A.Y.D., and N.A.D. have also suffered extreme emotional distress.  The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

**COMPLAINT FOR DAMAGES**

41.   The aforementioned acts of the individual Defendants, and each of them, were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

42.   The Plaintiffs are entitled to and demand trial costs, attorney fees, and litigation expenses incurred in the prosecution of this action, all in an amount to be determined according to proof at trial pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**

**Excessive Force (42 U.S.C. § 1983)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

43.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44.   This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution.

45.   On, before and after July 16, 2015, ANTHONIE possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures in the form of excessive force by police officers acting under color of law.

46.   At the time Defendants DOES 6 through 50, fired their weapons at ANTHONIE, as alleged herein, ANTHONIE was unarmed, compliant, and helpless, and the attack upon ANTHONIE was unjustified and unreasonable under the circumstances and constituted an excessive use of force. The attack violated ANTHONIE'S rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

47.   Defendants DOES 6 through 50 subjected ANTHONIE to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

**COMPLAINT FOR DAMAGES**

48.   Defendants DOES 6 through 50 acted at all times herein knowing full well that the established practices, customs, procedures, and policies of the COUNTY and CITY would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and would permit Defendants to justify the assault on ANTHONIE by falsely reporting that his death was caused by his resisting arrest, obstructing a police officer or by his own misconduct or noncompliance.   Said false reporting and ratification of Defendants DOES 6 through 50's misconduct was made with the intent to ensure that people like Plaintiffs would be dissuaded from petitioning their grievances against the COUNTY and CITY for such misconduct so that Defendants could continue to subject its citizens to continued violations of their Constitutional rights and civil liberties.

49.   As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, ANTHONIE suffered the violations of his constitutional rights described above, which resulted in his death.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, and care, of ANTHONIE, and will continue to be so deprived for the remainder of their natural lives.  The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

50.   Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 6 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

51.   The conduct of Defendants DOES 6 through 50 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ANTHONIE and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6 through 50.

52.   Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

//

//

//

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**

**Substantive Due Process (42 U.S.C. § 1983)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., Individually and as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

53.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.   Plaintiffs SYBIL, A.Y.D., and N.A.D. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationships with ANTHONIE.

55.   ANTHONIE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscience.

56.   As a result of the unlawful shooting and excessive force by Defendants, Plaintiffs were thereby deprived of their constitutional right to their respective familial relationships with each other.  The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs with purpose to harm without any legitimate law enforcement objective.

57.   As a result of the unlawful shooting and excessive force by Defendants, ANTHONIE suffered a loss of life.  Plaintiffs SYBIL, A.Y.D., and N.A.D. have been deprived of their life-long love, companionship, comfort, support, society, and care, of ANTHONIE, and will continue to be so deprived for the remainder of their natural lives.

58.   Defendants, acting under the color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs.

59.   As a direct and proximate cause of the acts of Defendants DOES 1 through 50, ANTHONIE suffered severe pain and suffering.  ANTHONIE suffered extreme and severe mental anguish and pain before he died as a result of Defendants' unlawful use of force.  The amount of

**COMPLAINT FOR DAMAGES**

damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

60.   Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

61.   The conduct of Defendants DOES 1 through 50 was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of damages, including exemplary and punitive damages, as to Defendants DOES 1 through 50.

62.   Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

63.   Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.


**FOURTH CAUSE OF ACTION**

**Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

64.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.   This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.   At all relevant times, hereto ANTHONIE possessed the right, guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable searches, seizures, and uses of force by police officers acting under color of law.

66.   As described herein above, Defendants acting by way of the color of authority of COUNTY and CITY, the Defendants, and each of them, violated ANTHONIE's Fourth Amendment rights by unlawfully and unreasonably using excessive force in shooting, detaining, and arresting ANTHONIE without reasonable suspicion or probable cause.

**COMPLAINT FOR DAMAGES**

67.   In performing the aforementioned acts, said Defendants, and each of them, acted specifically with the intent to deprive ANTHONIE of his constitutional rights under the Fourth Amendment to be free from unreasonable seizures, rights of which as police officers, they were fully aware.

68.   Said Defendants subjected ANTHONIE to the aforementioned deprivations with either actual malice, deliberate indifference or a reckless disregard of their rights under the United States Constitution.

69.   As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, ANTHONIE suffered the violations of the constitutional rights described above.  Plaintiff ANTHONIE suffered extreme and severe mental anguish and pain before he died as a result of Defendants' unlawful use of force.   The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

70.   As a result of the conduct of Defendants DOES 1 through 50, they are liable for ANTHONIE'S injuries and death, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

71.   Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

72.   The aforementioned acts of said individual Defendants was willful, wanton, malicious, oppressive and done with reckless disregard for the rights and safety of ANTHONIE and thereby justifying the imposition of exemplary and punitive damages as to said individual Defendants.

73.   Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

//

//

//

15

**COMPLAINT FOR DAMAGES**

**FIFTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Cal. Govt. Code §§ 815.2 and 820 and California Common Law)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., Individually and as Successors in Interest to**

**ANTHONIE D. SMITH, against All Defendants)**

74.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 73, as though fully set forth herein.

75.   Defendants' conduct in unlawfully and unjustifiably shooting ANTHONIE exceeded the bounds of conduct usually tolerated by society.   Moreover, Defendants believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well trained police officer to believe, know and understand that Plaintiffs SYBIL, A.Y.D., and N.A.D. were susceptible to suffering severe emotional distress due to Defendants' outrageous and unlawful actions taken and committed against said Plaintiffs and their loved one, ANTHONIE, as described above.   Defendants' actions as to Plaintiffs SYBIL, A.Y.D., and N.A.D. were also outrageous and not the type of conduct condoned in a civilized society.

76.   Defendant COUNTY and CITY are liable under the principals of respondeat superior for the aforementioned acts of Defendants pursuant to California Government Code § 815.2.

77.   Defendants, in engaging in the aforementioned conduct, intended to cause Plaintiffs emotional distress and/or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs would suffer permanent physical and emotional injuries as a result of their actions.

78.   Defendants' conduct was a substantial factor in causing ANTHONIE to suffer from severe physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.   ANTHONIE suffered special and general damages as a result of the physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial, and exceeds the jurisdictional amount of this court.

**COMPLAINT FOR DAMAGES**

79. Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80. The individual Defendants' aforementioned actions were willful, intentional, wanton, reckless, and in conscious disregard for Plaintiffs' rights, warranting the award of exemplary and punitive damages as to said individual Defendants.

## SIXTH CAUSE OF ACTION

**False Arrest/False Imprisonment (Cal. Govt. Code § 815.2 and California Common Law)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

81. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 80, above.

82. Defendants DOES 6 through 50, while working as Police Officers for the COUNTY and CITY, and acting within the course and scope of their duties, intentionally deprived ANTHONIE of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants DOES 6 through 50 also detained ANTHONIE without reasonable suspicion. The involved officers also arrested ANTHONIE without probable cause. ANTHONIE did not knowingly or voluntarily consent.

83. The conduct of Defendants DOES 6 through 50 was a substantial factor in causing the harm of ANTHONIE including but not limited to severe and extreme emotional suffering and humiliation, mental anguish and pain, physical discomfort, injury to health, and ultimately death. Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 6 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**COMPLAINT FOR DAMAGES**

84.   As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, ANTHONIE suffered harm, including but not limited to severe and extreme emotional suffering and humiliation, mental anguish and pain, physical discomfort, injury to health, and ultimately death.  The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

85.   Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 6 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.   The conduct of Defendants DOES 6 through 50 was malicious, wanton, oppressive, and accomplished with conscious disregard for the rights of ANTHONIE, entitling Plaintiffs to an award of damages, including exemplary and punitive damages.

**SEVENTH CAUSE OF ACTION**

**Assault and Battery (Cal. Govt. Code §§ 815.2 and 820 and California Common Law) –**
**Wrongful Death**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., Individually and as Successors in Interest to**
**ANTHONIE D. SMITH, against All Defendants)**

87.   Plaintiffs hereby repeat, re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 86, above.

88.   In unjustifiably shooting ANTHONIE and causing his death, Defendants DOES 6 through 50, touched with the intent to harm or offend ANTHONIE, or touched ANTHONIE with a willful disregard for ANTHONIE'S rights.  ANTHONIE did not consent to this harmful and offensive touching. Defendants COUNTY and CITY are liable in respondeat superior for the aforementioned acts of Defendants DOES 6 through 50, pursuant to California Government Code § 815.2.

89.   As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, ANTHONIE suffered harmful and offensive touching as described above.  ANTHONIE

18

**COMPLAINT FOR DAMAGES**

sustained fatal injuries as a result of Defendants' unlawful use of force.  The amount of damages suffered by ANTHONIE will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

90.  Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 6 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91.  The conduct of Defendants DOES 6 through 50 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of ANTHONIE, entitling ANTHONIE, through his Successors in Interest to an award of damages, including exemplary and punitive damages.

92.  SYBIL, A.Y.D., and N.A.D. have been deprived of their life-long love, companionship, comfort, support, society, and care, of ANTHONIE, and will continue to be so deprived for the remainder of their natural lives.  SYBIL, A.Y.D., and N.A.D. seek wrongful death damages under this claim in the amount of $25,000,000.00.   Plaintiffs are also claiming funeral and burial expenses.

## EIGHTH CAUSE OF ACTION

**Negligence (Cal. Govt. Code §§ 815.2 and 820 and California Common Law) – Wrongful Death**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., Individually and as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

93.  Except as to allegations of intentional conduct, Plaintiffs repeat, re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 92, above.

94.  On July 16, 2015, Defendants negligently, carelessly, and mistakenly investigated ANTHONIE's presence at various locations in Moreno Valley, California. Each of these Defendants negligently concluded that ANTHONIE posed a threat of death or serious bodily

injury to Defendants, the involved law enforcement officers, or any other person, resulting in ANTHONIE being shot and killed.

95.   As an alternative theory of recovery, each of the Defendants negligently shot and detained ANTHONIE.

96.   As a direct and proximate cause of the acts of Defendants, ANTHONIE suffered severe pain and suffering, and ultimately death.   ANTHONIE suffered extreme and severe mental anguish and pain, and was injured in mind and body before he died. The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

97.   COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 1 through 50 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's actions would subject him or her to liability.

98.   SYBIL, A.Y.D., and N.A.D. have been deprived of their life-long love, companionship, comfort, support, society, and care, of ANTHONIE, and will continue to be so deprived for the remainder of their natural lives.   SYBIL, A.Y.D., and N.A.D. seek wrongful death damages under this claim in the amount of $25,000,000.00.   Plaintiffs are also claiming funeral and burial expenses.


**NINTH CAUSE OF ACTION**

**Discrimination/Civil Rights Violations under the Ralph Civil Rights Act**

**(Cal. Civ. Code §§ 51.7 and 52)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

99.   Plaintiffs hereby repeat, re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 98, above.

100. As stated above, Plaintiffs are informed and believe that ANTHONIE's mental disability were substantial factors leading the Defendants' decision to assault, batter, and shoot him.

**COMPLAINT FOR DAMAGES**

Plaintiffs allege that given the identical circumstances to which they were then presented, had ANTHONIE not had mental disabilities, Defendants DOES 6 through 50 would not have wrongfully perceived ANTHONIE'S actions as a deadly threat, a perception which justified their use of deadly force against him.

101. In committing the acts of assault and battery as described above, each of the Defendants' police officers violated ANTHONIE'S rights to be free from violence and threats of violence because of his mental disability, as guaranteed to him by California Civil Code § 51.7.

102. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, ANTHONIE suffered harmful and offensive touching as described above, all of which resulted in this death.  The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

103. The above-described acts committed by the Defendant police officers were carried out with a conscious disregard for ANTHONIE'S safety.  In fact, the Defendant police officers wrongly perceived that ANTHONIE was creating a deadly threat solely because of his mental disability.  Accordingly, the Defendants' use of force under these circumstances was excessive, unlawful, malicious, oppressive, and done with a deliberate indifference to ANTHONIE'S rights, justifying the imposition of punitive and exemplary damages against the Defendant police officers pursuant to Civil Code § 52(b)(1).

104. In doing the acts alleged in this complaint, each of the Defendant DOES 6 through 50 knew or should have known that their actions were likely to injure ANTHONIE.  Plaintiffs   are informed and believe, and on that basis allege, that each of the Defendants intended to cause ANTHONIE injury and acted with a willful and conscious disregard of their rights as secured by Civil Code § 51.7.  ANTHONIE had not displayed any reasonable act of deadly aggression or other serious misconduct to justify the use of deadly force against him.

105. Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 6 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**COMPLAINT FOR DAMAGES**

106. As a further legal result of this civil rights violation.  Plaintiffs will seek the award of reasonable attorney fees as provided for in Civil Code §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

**TENTH CAUSE OF ACTION**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

**(Plaintiffs SYBIL DAVIS, A.Y.D., and N.A.D., Individually and as Successors in Interest to ANTHONIE D. SMITH, against All Defendants)**

107. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 106, above.

108. Defendants DOES 1 through 50, and each of them, while working as police officers for the COUNTY and CITY, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of ANTHONIE to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion or intimidation.

109. ANTHONIE and Plaintiffs SYBIL, A.Y.D., and N.A.D. reasonably believed that if they exercised their constitutional rights, Defendants, and each of them, would commit acts involving violence, threats, coercion or intimidation against them or their property.

110. Defendants DOES 1 through 50, and each of them, injured ANTHONIE, SYBIL, A.Y.D., and N.A.D. as aforementioned throughout this Complaint, to prevent them from exercising their rights or retaliated against ANTHONIE for having exercised his rights.

111. ANTHONIE was caused to suffer severe physical injuries, severe pain and suffering, and death.  ANTHONIE suffered severe mental anguish and pain and was been injured in mind and body before he died.  Plaintiffs SYBIL, A.Y.D., and N.A.D. were forced to suffer severe emotional distress as result of the actions of Defendants.

112. The conduct of Defendants DOES 1 through 50, and each of them, was a substantial factor in causing the harms, losses, injuries and damages of ANTHONIE and Plaintiffs SYBIL, A.Y.D., and N.A.D.

**COMPLAINT FOR DAMAGES**

113. Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 1 through 50 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's actions would subject him or her to liability.

114. The conduct of Defendants DOES 6 through 50 was malicious, wanton, and oppressive and accomplished with a conscious disregard for the rights of ANTHONIE and Plaintiffs SYBIL, A.Y.D., and N.A.D., entitling Plaintiffs to an award of damages, including exemplary and punitive damages.

115. As a further legal result of this civil rights violation.  Plaintiffs will seek the award of reasonable attorney fees as provided for in Civil Code §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against defendants, and each of them, and prays for the following relief:

1. For compensatory damages against each Defendant, including both survival damages and wrongful death damages under federal and state law, jointly and severally, in the amount of $25,000,000.00 or an amount to be proven at trial;

2. For funeral and burial expenses;

3. For punitive and exemplary damages against each non-entity Defendant, as allowed by law, in an amount to be proven at trial as appropriate to punish Defendants and deter others from engaging in similar misconduct;

4. For interest;

5. For an award of general and special damages in the amount to be proven at trial;

6. For reasonable costs of the suit;

7. For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 or as provided by law; and,

23

**COMPLAINT FOR DAMAGES**

8. For such other relief as the Court deems just and proper.

Respectfully submitted,

DATED:    June 22, 2016                          HARRIS & ASSOCIATES


                                          By:    /s/ Rodney Tolentino
                                                 JOHN W. HARRIS
                                                 RODNEY J. TOLENTINO
                                                 Attorneys for Plaintiffs


**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.


DATED:    June 22, 2016                          HARRIS & ASSOCIATES


                                          By:    /s/ Rodney Tolentino
                                                 JOHN W. HARRIS
                                                 RODNEY TOLENTINO
                                                 Attorneys for Plaintiffs

24
**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12

# DECLARATIONS

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR DAMAGES**

**DECLARATION OF SYBIL DAVIS**

I, Sybil Davis, declare:

1. The decedent's name who is the subject of this action for all claims, including but not limited to wrongful death, is ANTHONIE D. SMITH.

2. On July 16, 2015, ANTHONIE D. SMITH died in Moreno Valley, CA in the area of the intersection of Sunnymead Boulevard and Perris Boulevard as a result of being shot multiple times by officers of Moreno Valley Police Department.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the biological mother of the decedent. I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the decedent's interest in the action or proceeding.

5. A.Y.D. and N.A.D. are bringing this action with me and are the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the forgoing is true and correct.

Dated: June 20, 2016

Sybil Davis, Declarant

**COMPLAINT FOR DAMAGES**

## DECLARATION OF SYBIL DAVIS, GUARDIAN AD LITEM FOR A.Y.D.

I, Sybil Davis, declare:

1. The decedent's name who is the subject of this action for all claims, including but not limited to wrongful death, is ANTHONIE D. SMITH.

2. On July 16, 2015, ANTHONIE D. SMITH died in Moreno Valley, CA in the area of the intersection of Sunnymead Boulevard and Perris Boulevard as a result of being shot multiple times by officers of Moreno Valley Police Department.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the mother of A.Y.D., who is a sister of the decedent and a minor. A.Y.D. is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.

5. N.A.D. and I are bringing this action and are the only other persons having the right to commence the action or proceeding.


I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the forgoing is true and correct.


Dated:  June 20, 2016

Sybil Davis, Declarant

**COMPLAINT FOR DAMAGES**

## DECLARATION OF SYBIL DAVIS, GUARDIAN AD LITEM FOR N.A.D.

I, Sybil Davis, declare:

1. The decedent's name who is the subject of this action for all claims, including but not limited to wrongful death, is ANTHONIE D. SMITH.

2. On July 16, 2015, ANTHONIE D. SMITH died in Moreno Valley, CA in the area of the intersection of Sunnymead Boulevard and Perris Boulevard as a result of being shot multiple times by officers of Moreno Valley Police Department.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the mother of N.A.D., who is a sister of the decedent and a minor. N.A.D. is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.

5. A.Y.D. and I are bringing this action and are the only other persons having the right to commence the action or proceeding.


I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the forgoing is true and correct.


Dated:  June 20, 2016

_Sybil Davis_

Sybil Davis, Declarant

Case 5:16-cv-01323-JGB-KK  Document 1  Filed 06/22/16  Page 29 of 29  Page ID #:29

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document on file registered and placed on file in the office of the County of Riverside Clerk-Recorder.

PETER ALDANA
ASSESSOR-COUNTY CLERK-RECORDER
RIVERSIDE COUNTY, CALIFORNIA

DATE ISSUED



*0345280034*